IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIM MUNIZ,

    Plaintiff,

  v.

UNITED PARCEL SERVICE,

    Defendant.

                               /

No. C 09-1987 CW

ORDER ON MOTIONS IN LIMINE

As discussed at the final pre-trial conference, held on September 14, 2010, the Court rules on the parties' motions in limine as follows:

**Plaintiff's Motions in Limine**

1. Exclude the testimony of Alicia Benavidez, Jim Peterson and Joshua Young, who were not timely disclosed during discovery.

    GRANTED.

2. Exclude evidence of Plaintiff's performance after her demotion.

    DENIED.  This evidence is relevant to UPS's non-discriminatory reasons for demoting Plaintiff.  The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice to Plaintiff.  She may offer testimony to explain any evidence of her alleged poor performance.

3. Exclude any evidence of collateral source payments.

    GRANTED, unless relevant to rebut Plaintiff's claims of emotional distress based on her financial hardship.

4. Exclude exhibits that were not disclosed during discovery.

    GRANTED.

**Defendant's Motions in Limine**

1. Exclude all testimony, evidence argument or comment regarding issues adjudicated in UPS's favor on summary judgment.

   GRANTED in part and DENIED in part. Plaintiff may introduce evidence related to the alleged time card fraud only for the limited purpose of demonstrating her good performance. She may also proffer direct evidence of gender-based animus based on events that took place before March 30, 2008, so long as it relates to Gill or Meyer.

2. Exclude evidence of damages allegedly suffered prior to March 30, 2008.

   GRANTED. Because Plaintiff may not recover damages based on conduct occurring before March 30, 2008, this evidence is not relevant.

3. Exclude improper lay opinions, speculation or conclusions regarding discrimination.

   GRANTED. Lay witnesses may offer only evidence based on their own perceptions.

4. Exclude allegations that Ron Meyer believed that women are not fit to perform as managers, that he singled out women for harsh treatment or that he undermined female managers.

   GRANTED. Witnesses may proffer only non-hearsay testimony on matters that are within their personal knowledge.

5. Exclude Lori Seymour, Kathy Janders, Ed Lynch or Benn Camicia's beliefs that she or he knew Meyer's motives when interacting with Plaintiff.

   GRANTED. Witnesses may proffer only non-hearsay testimony on matters that are within their personal knowledge.

6. Exclude unsupported statements that women tend to leave a district where Meyer worked.

   GRANTED. Witnesses may proffer only non-hearsay testimony on matters that are within their personal knowledge.

7. Exclude stray remark attributed to Meyer that he needed "a strong man" in a position.

   DENIED. This comment may be probative of Meyer's discriminatory animus.

8.  Exclude lay opinion or conclusions regarding the effect of stereotypes on women at UPS.

    GRANTED.  Lay witnesses may not offer opinion testimony on the effect of stereotypes on women at UPS.

9.  Exclude testimony by or reference to "comparator" witnesses who are not similarly situated to Plaintiff.

    GRANTED.

10. Exclude Exhibit 2 to Benn Camicia's deposition.

    GRANTED.  This evidence is not relevant to Plaintiff's claims and contains improper lay opinion.

11. Exclude Camicia's notes taken for his deposition.

    GRANTED.  This evidence is not relevant and contains hearsay not subject to an exception.

12. Exclude improper lay opinions or conclusions regarding the value of Plaintiff's alleged lost past and/or future income.

    GRANTED.  However, Plaintiff may testify on matters of which she has personal knowledge, including her past wages and raises.

13. Exclude expert opinions and testimony from any undisclosed experts regarding causation, prior treatment, foreseeability, diagnosis, prescribed medications, Plaintiff's prognosis or required future care.

    GRANTED.  However, Plaintiff's therapist and treating physician may testify as percipient witnesses on their prior treatment of Plaintiff and any medications they may have prescribed.  They may not, however, testify as expert witnesses to causation or prognosis.

14. Exclude improper lay opinions or conclusions regarding the cause or causes of Plaintiff's emotional distress.

    GRANTED.  Lay witnesses may not proffer opinion testimony on the cause or causes of Plaintiff's emotional distress.

15. Exclude settlement discussions between the parties before Plaintiff filed this lawsuit.

    GRANTED, except Plaintiff may offer evidence concerning the three options UPS presented to her on or around August 29, 2008.  This evidence may be offered for the limited purpose of showing that Plaintiff was qualified to be a Manager. Plaintiff may not offer into evidence Exhibit 1066, which she submitted to the Court after the final pre-trial conference. The specific terms of the proposed release agreement are not

3

probative of Plaintiff's qualifications.

16. Exclude evidence of other litigation, complaints and/or claims unrelated to alleged gender discrimination made by other employees about Ron Meyer, Mary Gill or Mary Sue Allen.

   GRANTED.  This evidence is not relevant to Plaintiff's claims.

17. Exclude evidence of other litigation, complaints and/or claims asserted against UPS, including but not limited to claims brought by Amber Hughes and Kim Bellino, as well as complaints raised by Benn Camicia in his deposition.

   GRANTED.  This evidence is not relevant to Plaintiff's claims. Camicia shall not offer hearsay evidence or testify to matters that are not within his personal knowledge.

18. Exclude evidence of Camicia's or other witnesses' speculation that UPS employees would lie to protect their jobs.

   GRANTED.  Witnesses may proffer only non-hearsay testimony on matters that are within their personal knowledge.  Counsel, however, may ask witnesses whether they are afraid to testify truthfully.

19. Exclude testimony by Amber Hughes, who failed to appear for her deposition.

   GRANTED, unless Plaintiff arranges an opportunity for Ms. Hughes to be deposed prior to being called to testify.

20. Exclude testimony that Meyer allegedly stated that his wife did not have problems during her pregnancy.

   GRANTED.  This evidence is not probative of gender discrimination.

21. Exclude evidence related to Camicia's heart attack.

   DENIED as moot.  Plaintiff represents that she does not intend to introduce such evidence.

22. Exclude evidence of Meyer's allegedly rude behavior on conference calls.

   GRANTED in part.  Witnesses may testify to specific examples of Meyer's conduct on conference calls only if they are probative of his alleged differential treatment of women.

IT IS SO ORDERED.

Dated: September 16, 2010

CLAUDIA WILKEN
United States District Judge

4