ELENA R. BACA (SB# 160564)
elenabaca@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

KATHERINE C. HUIBONHOA (SB# 207648)
katherinehuibonhoa@paulhastings.com
RYAN C. HESS (SB# 263079)
ryanhess@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM MUNIZ,<br><br>   Plaintiff,<br><br>   vs.<br><br>UNITED PARCEL SERVICE, INC., a corporation and DOE 1 through DOE 20, inclusive,<br><br>   Defendants. | CASE NO. CV-09-1987 CW<br><br>**UNITED PARCEL SERVICE, INC.'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AGAINST PLAINTIFF KIM MUNIZ; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   December 2, 2010<br>Time:   2:00 pm<br>Courtroom:   2<br>Judge:   Hon. Claudia Wilken |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 2

II. FACTUAL BACKGROUND ........................................................................................ 2

III. THE COURT SHOULD AWARD UPS ITS ATTORNEYS' FEES AS THE PREVAILING PARTY UNDER FEHA ....................................................................... 3

    A. Almost All Of Plaintiff's Claims Were Frivolous And Therefore Justify An Award Of Attorneys' Fees ................................................................................ 4

        1. Plaintiff's Retaliation Claim Was Frivolous Because It Lacked Any Basis In Law Or Fact ............................................................................ 4

        2. Plaintiff's Age Discrimination Claim Was Frivolous Because It Had No Basis in Law Or Fact ................................................................ 5

        3. The Majority Of Plaintiff's Gender Discrimination Claims Were Frivolous ............................................................................................... 6

    B. The Court Should Award UPS Half Of Its Pre-Summary Judgment Attorneys' Fees And Two-Thirds Of Its Post-Summary Judgment Attorneys' Fees ................................................................................................. 8

        1. Fees Can Easily Be Apportioned Here Because Plaintiff's Claims Are Factually And/Or Legally Distinct ................................................ 8

        2. UPS's Allocation Of Fees Is Reasonable ............................................. 9

        3. The Amount Of UPS's Fee Request Is Reasonable ............................ 10

IV. CONCLUSION ............................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Christiansburg Garment Co. v. E.E.O.C.*,
    434 U.S. 412 (1978) ............................................................................................... 4, 7, 8

*Church of Scientology v. Wollersheim*,
    42 Cal. App. 4th 628 (1996) .......................................................................................... 11

*Cummings v. Benco Bldg. Servs.*,
    11 Cal. App. 4th 1383 (1992) ......................................................................................... 4

*Equilon Enters. v. Consumer Cause, Inc.*,
    29 Cal. 4th 53 (2002) .................................................................................................... 11

*Flowers v. Jefferson Hosp. Ass'n*,
    49 F.3d 391 (8th Cir. 1995) ......................................................................................... 7, 8

*Gonzalez v. Metpath, Inc.*,
    214 Cal. App. 3d 422 (1989) .......................................................................................... 6

*Hinman v. Fujitsu Computer Sys. Inc.*,
    No. C 05-3509 PJH, 2008 WL 5135156 (N.D. Cal. Dec. 8, 2008) ......................... 10

*Lam v. Univ. of Hawaii*,
    40 F.3d 1551 (9th Cir. 1994) .......................................................................................... 8

*PLCM Group, Inc. v. Drexler*,
    22 Cal. 4th 1084 (2000) ................................................................................................ 10

*Quiroga v. Hasbro*,
    934 F.2d 497 (3d Cir. 1991) ........................................................................................... 5

*Shadoan v. World Sav. & Loan Ass'n*,
    219 Cal. App. 3d 97 (1990) ............................................................................................ 9

*Stokus v. Marsh*,
    217 Cal. App. 3d 647 (1990) ........................................................................................ 11

*Track Mortgage Group, Inc. v. Crusader Ins. Co.*,
    98 Cal. App. 4th 857 (2002) ........................................................................................... 9

*Tutor-Saliba Corp. v. City of Hailey*,
    452 F.3d 1055 (9th Cir. 2006) ..................................................................................... 8, 9

*Ward v. Hickey*,
    996 F.2d 448 (1st Cir. 1993) ........................................................................................... 9

# TABLE OF AUTHORITIES
(continued)

**STATUTES**  **Page(s)**

Cal. Gov. Code § 12965(b) .................................................................................................. 1, 3

**RULES**

Fed. R. Civ. P. 54 .................................................................................................................. 1

TO PLAINTIFF KIM MUNIZ AND TO HER ATTORNEYS OF RECORD, STEPHEN JAFFE, DANIEL ZAHEER, AND THE JAFFE LAW FIRM:

PLEASE TAKE NOTICE that on December 2, 2010, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Claudia Wilken in Courtroom 2 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, Defendant United Parcel Service, Inc. ("UPS") will and hereby does move the Court for an order granting UPS its reasonable attorneys' fees incurred in this action.

UPS brings this Motion on the grounds that UPS is entitled to attorneys' fees as the prevailing party on many of Plaintiff Kim Muniz's ("Plaintiff" or "Muniz") claims under the Fair Employment and Housing Act. This Motion is brought pursuant to California Government Code § 12965(b), Federal Rule of Civil Procedure 54, and Local Rule 54-5.

UPS requests that the Court award it $163,343.70, or half of its pre-summary judgment attorneys' fees, because UPS prevailed on two of Plaintiff's four theories articulated prior to summary judgment. UPS further requests that the Court award it $255,875.47, or two-thirds of its fees after summary judgment, because UPS prevailed on two of Plaintiff's three alleged adverse actions within her gender discrimination claim.

This Motion is based on the concurrently filed Memorandum of Points and Authorities; the Declaration of Elena R. Baca; all papers and pleadings on file in the Court; and such further evidence as may be presented at or before the hearing on this Motion.

DATED: October 26, 2010    PAUL, HASTINGS, JANOFSKY & WALKER LLP


By:      /s/ Elena R. Baca
              ELENA R. BACA

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

Case No. CV-09-1987 CW    -1-    UPS'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Kim Muniz ("Plaintiff" or "Muniz") brought many claims in this lawsuit, and most were frivolous. She alleged that United Parcel Service, Inc. ("UPS") retaliated against her in violation of California's Fair Employment and Housing Act ("FEHA"), but provided no evidence at all of such retaliation (and admitted so). She alleged that UPS discriminated against her because of her age, but again provided no evidence and ultimately withdrew her claim. She alleged that UPS discriminated against her based on her gender by denying her a stock bonus and placing her on a performance improvement plan. After she failed to produce any credible evidence at trial, the jury found against her.

Plaintiff's frivolous claims required UPS to unnecessarily incur attorneys' fees defending against them. To prevent such abuses, FEHA authorizes the Court to award defendants their attorneys' fees where a plaintiff's claims are frivolous, unreasonable, and without justification (as nearly all of Plaintiff's claims were here).

Not only is a fee award justified, but the Court can easily apportion fees. Each claim proceeded on a different legal theory (such as age discrimination, gender discrimination, or retaliation), and the claims involved different facts (for example, Plaintiff's three alleged adverse actions at trial concerned three different decisions).

Because UPS prevailed on two out of four claims prior to summary judgment, UPS respectfully requests that the Court, at the very least, award it half of its fees prior to summary judgment, or $163,343.70. In addition, because UPS prevailed at trial on two of Plaintiff's three alleged adverse actions under her gender discrimination claim, UPS requests that the Court also award two-thirds of its fees after summary judgment, or $255,875.47. Both calculations represent a fair allocation to Plaintiff's frivolous claims, and UPS's hourly rates and number of hours billed meet the requirement that its rates and hours billed be reasonable.

## II. FACTUAL BACKGROUND

On April 6, 2009, Plaintiff Kim Muniz filed her Complaint in this action. Baca Decl. ¶ 3, Ex. A at page 1. In that Complaint, Muniz alleged the following claims: gender

discrimination under FEHA; unlawful retaliation under FEHA; age discrimination under FEHA; and negligent hiring, training, and supervision. *Id.* UPS then engaged in extensive discovery, including deposing Plaintiff; deposing seven third-party witnesses; propounding discovery; responding and objecting to Plaintiff's discovery; and reviewing documents for production. Baca Decl. ¶ 15. At the conclusion of discovery, UPS moved for summary judgment, and invested a significant amount of time conducting research, preparing the motion and related papers, and preparing its reply to Plaintiff's opposition. *Id.*

The Court granted UPS summary judgment as to two of Plaintiff's four claims: her retaliation claim and her age discrimination claim. Baca Decl. ¶ 6, Ex. D at pages 13-17. As to Plaintiff's claim for unlawful retaliation, the Court granted UPS's motion because no evidence supported Plaintiff's claim. *Id.* In fact, "[a]t the hearing on UPS's motion, Plaintiff conceded that she cannot maintain a FEHA retaliation claim." *Id.* at 13. Plaintiff's age discrimination claim was so weak she withdrew it in her opposition to UPS's summary judgment motion. *See id.* at 17; Baca Decl. ¶ 5, Ex. C at page 10 n.7.

Following the summary judgment motion, UPS spent a substantial amount of time preparing for the seven-day trial, including preparation of the various pretrial filings and exhibits, preparing witnesses to testify, and constructing demonstratives. Baca Decl. ¶ 17. At trial, Plaintiff litigated three adverse actions under her gender discrimination claim, and UPS prevailed on two of the three.[1] *See* Baca Decl. ¶ 7, Ex. E. Even then, the jury awarded a nominal amount.

In sum, Plaintiff only prevailed on a small portion of one of her four original claims. Neither the law nor the facts supported her other FEHA claims, therefore entitling UPS to its attorneys' fees incurred in defending against those frivolous claims.

### III. THE COURT SHOULD AWARD UPS ITS ATTORNEYS' FEES AS THE PREVAILING PARTY UNDER FEHA

FEHA authorizes an attorneys' fees award to a prevailing party. Cal. Gov't Code § 12965(b). In determining whether to award attorneys' fees to a prevailing party, California

---

[1] UPS continues to contest the jury's finding of liability as to Plaintiff's demotion, as UPS explains in its Renewed Motion for Judgment as a Matter of Law (Docket No. 139).

Case No. CV-09-1987 CW -3- MEMO OF PS&AS ISO UPS'S MOTION FOR ATTORNEYS' FEES

courts look to federal law for guidance. *Cummings v. Benco Bldg. Servs.*, 11 Cal. App. 4th 1383, 1386-87 (1992). Under the seminal federal case, *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978), prevailing defendants are entitled to recover attorneys' fees when a plaintiff's claims are "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Here, each of the FEHA claims that Plaintiff lost or withdrew—either at summary judgment or at trial—was frivolous, unreasonable, or without justification, and UPS is entitled to its fees allocable to those claims, particularly those that it won at summary judgment.

### A. <u>Almost All Of Plaintiff's Claims Were Frivolous And Therefore Justify An Award Of Attorneys' Fees.</u>

#### 1. Plaintiff's Retaliation Claim Was Frivolous Because It Lacked Any Basis In Law Or Fact.

Plaintiff's second claim in her Complaint sought damages for retaliation under FEHA. Baca Decl. ¶ 3, Ex. A at page 3. However, even Plaintiff's Complaint revealed that her action lacked any legal or factual support. It alleged that UPS demoted Plaintiff "in retaliation for plaintiff having *reported the aforesaid irregularities and inaccuracies in the integrity and accuracy of the timekeeping records* being maintained for certain employees of UPS to her superiors at UPS," and therefore "violated FEHA."[2] *Id.* (emphasis added). The Complaint mentioned no protected activity under FEHA. *See id.* Similarly, during discovery and her deposition, Plaintiff continued to pursue her "FEHA retaliation" claim; yet there was no evidence of FEHA protected action that allegedly triggered some adverse employment action. *See* Muniz Dep. 59:22-60:2; 60:10-24;[3] Baca Decl. ¶ 4, Ex. B at page 9. Not surprisingly then, at the hearing on UPS's summary judgment motion, "Plaintiff conceded that she cannot maintain a FEHA retaliation claim." Baca Decl. ¶ 6, Ex. D at page 13.[4]

---

[2] Plaintiff's reference to the "aforesaid" complaints regarding timekeeping irregularities refers to Plaintiff's allegations in paragraphs 6 through 8 of her Complaint. Baca Decl. ¶ 3, Ex. A at page 2.

[3] Cited excerpts from the September 17, 2009, and November 17, 2009 deposition of Plaintiff Kim Muniz are attached as Exhibit E to the Declaration of Elena R. Baca filed concurrently herewith.

[4] The Court went on to note that, even if Plaintiff were granted leave to amend her Complaint to properly assert a Labor Code retaliation claim, such a claim would fail because Plaintiff could not even make out a *prima facie* Labor Code retaliation case because she could not show a causal link between the alleged protected activity in early 2007 and her demotion over a year later in late

Because Plaintiff's FEHA claim had no factual or legal basis (and Plaintiff admits as much), this claim is frivolous and justifies an award of attorneys' fees to UPS. *See, e.g.*, *Quiroga v. Hasbro*, 934 F.2d 497, 503 (3d Cir. 1991) (awarding attorneys' fees in Title VII case where plaintiff's theory had no legal foundation).

### 2. Plaintiff's Age Discrimination Claim Was Frivolous Because It Had No Basis in Law Or Fact.

Similarly, Plaintiff's age discrimination claim had no basis in law or fact. In its summary judgment motion, UPS set forth the reasons why Muniz's age discrimination claim clearly failed:

Upon her demotion, UPS replaced Muniz with an employee who was 47, only one year younger than Muniz at the time. *See* Muniz Dep. 113:4-9; 371:14-15; Davis Decl. ¶¶ 23-24.[5]

During her deposition, Muniz admitted that she had no direct evidence of age-based discrimination. *See* Muniz Dep. 34:3-15; 35:3-4; 35:8-10; 90:6-8; 112:25-113:3; 119:20-25; 120:4-6; 120:11-14; 120:18-21; 301:12-14; 309:23-310:3; 317:3-5; 318:4-14.

Muniz admitted that she lacked any evidence of similarly situated under-40 comparators whom UPS treated more favourably than her. *See* Muniz Dep. 275:23-25; 276:6-19; 277:15-17; 372:6-9.

All of the persons Muniz alleged were involved with the decision making process were over 40 (including Mary Gill, Mary Sue Allen, Ron Meyer, and Brian Davis). Meyer Decl. ¶ 3;[6] Gill Decl. ¶ 3;[7] Davis Decl. ¶ 3; Allen Decl. ¶ 3;[8] Muniz Dep. 301:22-23; 302:16-17; 311:12-13; 317:16-17.

---

2008. Baca Decl. ¶ 6, Ex. D at pages 15-17.

[5] The April 21, 2010 declaration of Brian Davis in Support of UPS's Motion for Summary Judgment or in the Alterative, Partial Summary Judgment, is attached as Exhibit G to the Declaration of Elena R. Baca filed concurrently herewith.

[6] The April 21, 2010 Declaration of Ron Meyer in Support of UPS's Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment is attached as Exhibit H to the Declaration of Elena R. Baca filed concurrently herewith.

[7] The April 22, 2010 Declaration of Mary Gill in Support of UPS's Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment is attached as Exhibit I to the Declaration of Elena R. Baca filed concurrently herewith.

[8] The April 21, 2010 Declaration of Mary Sue Allen in Support of UPS's Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment is attached as Exhibit J to the Declaration of Elena R. Baca filed concurrently herewith.

*See also* Baca Decl. ¶ 4, Ex. B at pages 20-21. When confronted with these facts, Muniz conceded her age discrimination claim, Baca Decl. ¶ 5, Ex. C at page 10 n.7, and the Court accordingly entered summary judgment in favor of UPS, Baca Decl. ¶ 6, Ex. D at page 17.

In similar cases where the plaintiffs could not articulate any facts to support their claims, courts have held that such claims are frivolous. For example, in *Gonzalez v. MetPath, Inc.*, 214 Cal. App. 3d 422 (1989), the plaintiff alleged discrimination based on gender and ancestry. However, the plaintiff was unaware of any official ever displaying racists or sexist attitudes, and she could only speculate as to why she was treated differently. *Id.* at 427. Under these circumstances, the California Court of Appeal affirmed the attorneys' fees award under FEHA. *Id.* at 428.

The facts here are quite similar: Muniz simply had no evidence, either direct or indirect, of discriminatory animus and could only speculate as to why certain decisions were made. Therefore, Muniz's age discrimination claim was frivolous and supports an award of attorneys' fees to UPS.

### 3. The Majority Of Plaintiff's Gender Discrimination Claims Were Frivolous.

Of the three alleged adverse actions under Plaintiff's gender discrimination claim, she only prevailed on one and secured a nominal award. Although UPS believes none of her gender discrimination claims had merit, the evidence clearly demonstrated that the two the jury found against her were frivolous.

As to Plaintiff's claim of gender discrimination regarding UPS's denial of her stock bonus in 2008, Plaintiff produced no evidence of discrimination, as suggested by the jury's verdict. Baca Decl. ¶ 7, Ex. E at page 1.[9] At trial, the undisputed testimony was that Mary Gill made the decision to deny Muniz her stock bonus, and Plaintiff provided no evidence of Mary Gill's discriminatory animus. Further, Plaintiff failed to produce any evidence that Ron Meyer even influenced—let alone had a pervasive influence over—the stock bonus decision. Mary Gill

---

[9] In fact, Muniz put forth very little evidence of any nature related to UPS's denial of her stock bonus in 2008.

1  met with Muniz regularly. She signed the form denying Muniz her stock bonus. She made the
2  decision herself.

3  Muniz's claim that UPS discriminated against her based on her gender when it
4  placed her on a performance improvement plan similarly was frivolous. The evidence clearly
5  showed, as the jury concluded, that UPS would have placed Muniz on a performance
6  improvement plan regardless of any alleged discriminatory animus. *See* Baca Decl. ¶ 7, Ex. E at
7  page 2. In support of this conclusion, UPS offered voluminous evidence of Muniz's poor
8  performance. Mary Gill, Ron Meyer, Waring Lester, and Brian Davis all testified as to Plaintiff's
9  repeated performance failures: first in the Oakland Division, then in the San Bruno Division, and
10 finally in the North Division. And UPS offered numerous exhibits documenting Muniz's poor
11 performance, including her Quality Performance Reviews ("QPR") and the monthly QPR
12 trackers.

13 The evidence did not support Muniz's arguments to the contrary. She only
14 produced meaningless form letters or certificates that recognized the performance of the division
15 as a whole, not her as an individual. Her attempt to use various rankings similarly failed because
16 those rankings reflected the performance of her division as a whole, not her individual
17 performance.

18 Despite her failure to produce any credible evidence at trial, Plaintiff will likely
19 argue that her gender discrimination claims were not frivolous because they survived summary
20 judgment. However, surviving summary judgment is not determinative. For example, in *Flowers*
21 *v. Jefferson Hosp. Ass'n*, 49 F.3d 391 (8th Cir. 1995), the appellate court affirmed an award of
22 attorneys' fees under the *Christiansburg* standard even though the plaintiff's claims had survived
23 summary judgment and the case proceeded through trial. *Flowers*, 49 F.3d at 392.[10] In affirming
24 the district court's award, the appellate court noted that "it may sometimes be necessary for
25 defendants to blow away the smoke screens the plaintiffs had thrown up before the defendants

---

[10] Similar to the fact here, the plaintiff merely offered his own opinion that his race was a motivating factor in the alleged adverse action, along with the unsupported opinion testimony of a co-worker. *Id.* The district court accordingly awarded attorneys' fees in light of the frivolous claims. *Id.*

Case No. CV-09-1987 CW         -7-         MEMO OF PS&AS ISO UPS'S MOTION
                                                        FOR ATTORNEYS' FEES

may prevail." *Id.* at 393 (internal citation and quotation omitted). As discussed above, this was exactly the case here: the trial was necessary to demonstrate the weaknesses of Plaintiff's thin evidence that allowed her to survive summary judgment.[11]

### B. The Court Should Award UPS Half Of Its Pre-Summary Judgment Attorneys' Fees And Two-Thirds Of Its Post-Summary Judgment Attorneys' Fees.

UPS's requested attorneys' fees award is justified because: (1) the Court can easily allocate the fees between Plaintiff's frivolous and non-frivolous claims; (2) UPS has allocated the fees in a reasonable manner; and (3) UPS's hourly rates and hours billed are reasonable as well.

#### 1. Fees Can Easily Be Apportioned Here Because Plaintiff's Claims Are Factually And/Or Legally Distinct.

The Court can apportion fees here because Plaintiff's claims are factually and/or legally distinct. To begin, Plaintiff's four claims alleged in her Complaint—gender discrimination, age discrimination, retaliation, and negligent hiring, training, and supervision—were based on a different legal theory, and therefore were distinct. *See Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1064 (9th Cir. 2006) (holding, under the *Christiansburg* standard, that claims brought under different legal theories were distinct even though the "claims arose from the same basic set of facts").

Further, Plaintiff's claims in her Complaint, as well as the three adverse actions encompassed by her gender discrimination claim, involved completely different facts. For example, Plaintiff's retaliation claim concerned a different series of events (her alleged reporting of timecard inaccuracies in early 2007) from her gender and age discrimination claims (which revolved around later decisions in 2008 like her demotion). Further, although Plaintiff's age discrimination and gender discrimination claims may have concerned similar decisions (such as her demotion), the claims made different facts relevant. For example, UPS was required to investigate different comparators to support its defences to Plaintiff's age and gender

---

[11] Tellingly, the Court noted in its summary judgment order that "very little evidence" is required to survive summary judgment. Baca Decl. ¶ 6, Ex. D at page 18 (quoting *Lam v. Univ. of Hawaii*, 40 F.3d 1551, 1564 (9th Cir. 1994)).

discrimination claims, and UPS needed to investigate age-based and gender-based animus. Finally, Plaintiff's three alleged adverse actions in the gender discrimination claim related to distinct events and decisions—denial of a stock bonus, placement on a performance improvement plan, and demotion. Given these distinct factual and legal claims, the Court appropriately can apportion fees between them.[12]

### 2. UPS's Allocation Of Fees Is Reasonable.

Lead trial counsel, Elena Baca, has evaluated the billing records both before and after the Court's summary judgment order. Baca Decl. ¶ 15. Based on that review, she concluded that half of the pre-summary judgment fees were incurred defending against Plaintiff's two frivolous claims (out of four total) upon which UPS prevailed at summary judgment. *Id*. at 16. Further, she concluded that the two frivolous adverse actions (out of three) that Plaintiff alleged within her gender discrimination claim accounted for two-third of the fees billed after summary judgment. *Id.* ¶ 18.

This allocation is fair and reasonable, and is proportional to the number of claims litigated at each state of the litigation. The Court can "allocat[e] attorneys' fees based on its determination of the reasonable value of services attributed to the cause of action for which attorneys' fees are allowed." *Track Mortgage Group, Inc. v. Crusader Ins. Co*., 98 Cal. App. 4th 857, 867-68 (2002).[13] Alternatively, the Court can attempt to apportion fees by claim. *Shadoan*

---

[12] Plaintiff may argue that the claims are interrelated, and because she prevailed on one interrelated claim, the Court must deny UPS's attorneys' fees motion. Such an argument is beside the point. Courts have repeatedly held that a defendant who prevails in a civil rights action on frivolous claims can recover attorneys' fees, even if the plaintiff succeeds in part of the action. *Tutor-Saliba*, 452 F.3d at 1063-64. Further, courts have concluded that attorneys' fees can be apportioned between frivolous and non-frivolous claims, even where the two are intertwined. *E.g.*, *Ward v. Hickey*, 996 F.2d 448, 455 (1st Cir. 1993) (upholding attorneys' fees award under *Christiansburg* standard as to some but not all legal theories, even though all of the claims were interrelated). Indeed, the policy behind awarding fees for frivolous claims compels the court to reasonably apportion the fees. As the court stated in *Ward*, 996 F.2d at 455-56, "frivolous civil rights claims waste judicial resources that would otherwise be used for legitimate claims. . . . Accordingly, a district court should not deny fees for defending frivolous claims merely because calculation would be difficult."

[13] *Id.* at 867 ("[T]he trial court stated it recognized the 'near impossibility' of segregating the billing item by item. The court concluded, 'I will make an estimate and a proportional estimate what the case is worth based upon the results, based upon the complexity of the case, based upon the experience of counsel, and having tried the case for, I believe, what, three or four weeks, and recognizing the issues and the sophistication that those issues demanded . . . .'") (last alteration in original).

*v. World Sav. & Loan Ass'n*, 219 Cal. App. 3d 97, 108 (1990) (affirming award of portion of defendant's attorneys' fees, where fees were available on personal contract claim, but not for claim for injunctive relief brought on behalf of plaintiffs and others; "[t]he proper procedure would be for the trial court, in its discretion, to apportion the fees so that the losing party is only required to pay for such fees as were incurred in prosecuting, or defending . . ." the action for which fees are available).  The California Courts of Appeal have approved either approach, and UPS's apportionment is justified under both.

### 3. The Amount Of UPS's Fee Request Is Reasonable.

To determine the amount of a reasonable fee award, federal and California courts generally apply the "lodestar" method, which multiplies the number of hours reasonably worked by a reasonable hourly rate.  *Hinman v. Fujitsu Computer Sys. Inc.*, No. C 05-3509 PJH, 2008 WL 5135156 (N.D. Cal. Dec. 8, 2008); *PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000).  Here, the number of hours worked and the rates Paul Hastings charged UPS are both reasonable.

#### a. The Number of Hours Worked in Defending this Action was Reasonable.

Here, Ms. Baca reviewed the billing records, and if she determined any work was excessive, redundant or otherwise unnecessary, those hours have been "written off," and are not claimed here.  Baca Decl. ¶¶ 15, 17.  Therefore, the amounts requested represent a reasonable number of hours worked on necessary tasks, and no special circumstances justify a reduction of hours.

#### b. Paul Hastings' Billing Rates Sought are Reasonable.

The Court must next determine a reasonable hourly rate.  An attorney's reasonable hourly rate is based on the prevailing rate charged by attorneys of similar skill and experience in the relevant community.  *See PLCM Group, Inc.*, 22 Cal. 4th at 1095 (2000).  The Court must also consider:

> "the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning,

> his age, and his experience in the particular type of work
> demanded . . . ; the intricacies and the importance of the litigation,
> the labor and necessity for skilled training and ability in trying the
> cause, and the time consumed."

*Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 659 (1996) (quoting *Stokus v. Marsh*, 217 Cal. App. 3d 647, 656-57 (1990)), *disapproved in part on other grounds*, *Equilon Enters. v. Consumer Cause, Inc.,* 29 Cal. 4th 53 (2002).

These additional factors confirm the reasonableness of Paul Hastings' rates sought here. The Paul Hastings attorneys who worked on this matter are skilled employment litigators with substantial experience in employment litigation. Baca Decl. ¶ 19. Ms. Baca and Ms. Huibonhoa each have more than 10 years of employment litigation experience, and the other attorneys' and paralegal specialize in employment litigation. *Id.* Further, counsel's billing rates are commensurate with the rates of attorneys of similar skill, experience and expertise in the same area. *Id*. For these reasons, the amount of UPS's fee request is reasonable.

## IV. CONCLUSION

Plaintiff brought many frivolous, unfounded claims in this case. These claims wasted the Court's resources and caused UPS to expend unnecessary amounts on legal fees. Therefore, UPS respectfully requests that the Court, at the very least, award it half of its fees through summary judgment, or $163,343.70, because Plaintiff's retaliation and age discrimination claims were frivolous. In addition, UPS requests that the Court award it $255,875.47 for work performed after the summary judgment decision.

DATED: October 26, 2010      PAUL, HASTINGS, JANOFSKY & WALKER LLP


By:         /s/ Elena R. Baca
                ELENA R. BACA

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

LEGAL_US_W # 65996233.3