IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIM MUNIZ,

        Plaintiff,

  v.

UNITED PARCEL SERVICE, INC.,

        Defendant.
_____/

No. C 09-01987 CW

ORDER ALLOWING FURTHER SUBMISSIONS ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

     Plaintiff Kim Muniz moves for attorneys' fees and non-statutory costs. Defendant United Parcel Service (UPS) opposes the motion. The motion was taken under submission on the papers.

     As explained below, Plaintiff has not adequately supported her request for fees related to Stephen Jaffe's and Susan Jaffe's work. Accordingly, the Court allows further submissions on the reasonableness of Mr. Jaffe's hourly rate and the reasonableness of the number of hours billed by Mr. Jaffe and Ms. Jaffe.

     "An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law." Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1024 (9th Cir. 2003).

     Under the FEHA, courts employ the lodestar method set forth in Serrano v. Priest, 20 Cal. 3d 25 (1977), to determine the amount of attorneys' fees to which prevailing parties are entitled. Chavez v. City of L.A., 47 Cal. 4th 970, 985 (2010). "Using that method, the trial court first determines a touchstone or lodestar figure based on a careful compilation of the time spent by, and the

reasonable hourly compensation for, each attorney, and the resulting dollar amount is then adjusted upward or downward by taking various relevant factors into account." Id.

California law encourages prevailing parties to seek reasonable attorneys' fees in the first instance. "A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether." Serrano v. Unruh, 32 Cal. 3d 621, 635 (1982); accord Chavez, 47 Cal. 4th at 990. "'If . . . the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place. To discourage such greed, a severer reaction is needful.'" Unruh, 32 Cal. 3d at 635 (quoting Brown v. Stackler, 612 F.2d 1057, 1059 (7th Cir. 1980)) (alterations by Unruh court).

I.   Reasonable Hourly Rate for Stephen Jaffe

UPS objects to the $650.00 hourly rate sought by Plaintiff for Mr. Jaffe, asserting that it is unreasonable.

To ascertain an attorney's reasonable hourly rate, courts consider "the hourly prevailing rate for private attorneys in the community conducting noncontingent litigation of the same type." Ketchum v. Moses, 24 Cal. 4th 1122, 1133 (2001) (emphasis in original). The moving party has the burden "to prove the appropriate market rate to be used in calculating the lodestar." MBNA Am. Bank, N.A. v. Gorman, 147 Cal. App. 4th Supp. 1, 16 (2006). To support a fee request, that party may submit expert

2

witness testimony regarding attorneys' fees and declarations containing "verifiable information regarding rates allowed by courts." Children's Hosp. & Med. Ctr. v. Bonta, 97 Cal. App. 4th 740, 782-83 (2002). In "assessing a reasonable hourly rate, the trial court is allowed to consider the attorney's skill as reflected in the quality of the work, as well as the attorney's reputation and status." Gorman, 147 Cal. App. 4th Supp. at 13 (citing Ketchum, 24 Cal. 4th at 1139); see also Blum v. Stenson, 465 U.S. 886, 896 (1984) (noting that the reasonableness inquiry requires consideration of the rates charged for "similar services by lawyers of reasonably comparable skill, experience and reputation").

    Mr. Jaffe graduated from Wayne State University Law School in 1970. Since 1989, he has focused primarily on representing individuals in employment law cases. He has taken over one thousand depositions and has gone to trial in thirty five cases. However, he does not indicate the disposition of any of his cases.

    To show that Mr. Jaffe's $650.00 rate is reasonable, Plaintiff offers declarations from Mary Dryovage, a solo employment law practitioner, and James Wagstaffe, a partner at and co-founder of the law firm at which Daniel Zaheer, one of Plaintiff's other attorneys, is an associate. The Dryovage and Wagstaffe declarations state, in boilerplate language, that Mr. Jaffe's rate is reasonable for local employment law attorneys with similar reputation, experience and skill. However, neither Ms. Dryovage nor Mr. Wagstaffe articulate the basis for their conclusion. Although these declarants may have expertise related to attorneys' fee awards, courts are not required to rely on opinion evidence

3

that is simply "the ipse dixit of the expert." Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997); see also Hensley v. Eckerhart, 461 U.S. 424, 440 n.15 (1983). Thus, these declarations do not prove that a $650.00 rate for Mr. Jaffe is reasonable. Notably, Ms. Dryovage, who, like Mr. Jaffe, is a solo employment law practitioner, did not indicate her hourly rate. Such information could be useful in determining the reasonableness of Mr. Jaffe's rate.

Plaintiff suggests that Mr. Jaffe's years in practice justify his hourly rate. She compares his rate to those of UPS's attorneys, noting their years in practice. However, there is no evidence that UPS's counsel's rates are reasonable. Furthermore, the number of years an attorney has practiced, on its own, is not sufficient. Career longevity does not necessarily correlate with an attorney's skill, experience and reputation. As noted above, although Mr. Jaffe indicates that he has participated various proceedings, none of the declarants, including Mr. Jaffe, has indicated his level of success in them. See Campbell v. Nat'l Passenger R.R. Corp., 718 F. Supp. 2d 1093, 1099 (N.D. Cal. 2010) (offering supporting declarations indicating the level of success achieved by attorney). The declarants do not describe Mr. Jaffe's skills or reputation in the legal community.

UPS argues that Mr. Jaffe is entitled to an hourly rate of "$425 at most." Opp'n 19. UPS cites surveys, published in the National Law Journal, suggesting that the average hourly rate for partners at two San Francisco employment litigation firms is around $445.00; see also Mitchel v. City of Santa Rosa, 2010 WL 2740069, at *2 (N.D. Cal.) (awarding $420.75 per hour for Bay Area law firm

4

partner with thirty-six years of experience in defense-side employment law litigation).

Plaintiff has not proved that Mr. Jaffe's $650.00 rate is reasonable, and there is not sufficient evidence to determine a reasonable rate. To recover fees for his services, Plaintiff must offer competent evidence that the rate he seeks is reasonable. For instance, Ms. Dryovage and Mr. Wagstaffe may supplement their declarations to describe Mr. Jaffe's skills and reputation. Plaintiff may also offer surveys showing the market rates for attorneys situated similarly to Mr. Jaffe.

II. Reasonable Number of Hours for Stephen and Susan Jaffe

In challenges to the reasonableness of the number of hours billed, "it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence." Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n, 163 Cal. App. 550, 564 (2008). "General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." Id. If the opposing party cannot provide specific, persuasive reasons to disallow recovery for some of the hours billed, courts should normally award fees for the total number of hours billed or, at most, impose a ten-percent reduction. See Moreno v. City of Sacramento, 534 F.3d 1106, 1112, 1116 (9th Cir. 2008).

A.  Stephen Jaffe

For this action, Mr. Jaffe did not maintain any time records. Instead, for Plaintiff's fee request, Mr. Jaffe estimated the number of hours he worked by using a so-called "protocol," which varied based on the task he performed. Jaffe Decl. ¶ 28. With

5

regard to "depositions, travel, court appearances, etc.," Mr. Jaffe "used the actual time spent together with any associated travel time and preparation." Id. However, except for his use of transcripts to estimate the number of hours he worked on depositions, Mr. Jaffe did not rely on any verifiable evidence to support his estimate of hours related to these tasks. To determine the amount of time he spent drafting pleadings, motions and correspondence, Mr. Jaffe counted the number of documents he thought to be relevant to this action. This figure, according to Mr. Jaffe, allowed him to make estimates with "meaningful accuracy." Id. Mr. Jaffe's reconstruction consists of a table listing various services and the total number of hours -- over the course of the entire litigation -- he worked to provide each service. For example, Mr. Jaffe represents that for "[t]elephone conferences with opposing counsel, client, witnesses, staff, process servers, and miscellaneous (entire case)," he expended 148 hours. Id. at 7:19-21. Except for depositions, Mr. Jaffe does not indicate on which dates he worked these hours, nor does he identify any of the particular tasks he performed.

    Under California law, Mr. Jaffe's failure to maintain contemporaneous time records does not preclude Plaintiff from recovering amounts for his services. See, e.g., Martino v. Denevi, 182 Cal. App. 3d 553, 559 (1986). However, his effort at reconstructing the hours he worked is insufficient. First, Mr. Jaffe aggregation of hours for broad categories of tasks precludes an objective determination of the reasonableness of the hours he claims. It is impossible to determine, from Mr. Jaffe's generic descriptions, whether his work was reasonable in light of this

6

litigation, or whether it was duplicative or unnecessary. He does not itemize any of the tasks he performed. In essence, Mr. Jaffe offers block billing for Plaintiff's entire case.[1]

Second, Mr. Jaffe offers little data from which the Court can judge the accuracy of his reconstruction "protocol," which precludes an evaluation of the protocol's reliability. Relying on printouts of file directories and lists of emails exchanged, Mr. Jaffe states that this case produced "between 20,000 and 32,000 pages of documents" and 3,617 emails. Jaffe 1st Supp. Decl. ¶¶ 5-6. However, the number of hours worked, let alone the reasonableness of those hours, cannot be extrapolated solely from the number of documents filed, disclosed or generated in an action.[2]

Thus, in addition to failing to establish the reasonableness of his hourly rate, Plaintiff fails to demonstrate the reasonableness of the number of hours Mr. Jaffe worked. Mr. Jaffe must employ a reliable methodology to reconstruct the hours he worked. For instance, to recount the hours he devoted to

---

[1] Block billing is a time-keeping method where an attorney enters the total daily time spent working on a case, rather than itemizing the time spent on a specific task. See Mendez v. Cnty. of San Bernardino, 540 F.3d 1109, 1129 n.2 (9th Cir. 2008); see also Christian Research Inst. v. Alnor, 165 Cal. App. 4th 1315, 1325 (2008).

[2] Despite being put on notice by Magistrate Judge Donna Ryu at a January 27, 2011 hearing that his lack of time records may pose difficulties in evaluating Plaintiff's fee award, Mr. Jaffe continues to decline to maintain such records. In a Second Supplemental Declaration, intended to support Plaintiff's request for fees incurred in litigating her fee request, Mr. Jaffe relies on the number of documents filed in this action to substantiate the seventy-six hours he claims he has worked since September 29, 2010. As noted above, the number of documents filed in an action offers limited insight into to the reasonableness of the hours worked.

depositions, Mr. Jaffe resorted to reviewing deposition transcripts, which indicate the hours during which the deposition took place. Using a similar method, Mr. Jaffe may rely on documents providing an objective recount of time, such as the Clerk's Trial Sheet (Docket No. 134) or the trial transcript, to establish the number of hours he worked with respect to trial. Mr. Jaffe may add to this figure an estimate of the number of hours he spent preparing, so long as that estimate is reasonable. Reconstructions shall contain specific dates and indicate, in some form, the particular nature of the tasks performed. Although this reconstruction will undoubtedly take time, Plaintiff shall not recover from UPS fees related to this task; this additional work results from Mr. Jaffe's failure to substantiate his hours, which is not attributable to UPS.

  B. Susan Jaffe

  Susan Jaffe, a paralegal who worked on Plaintiff's case, does not offer any time records or make any effort to reconstruct the hours she worked. The only evidence of her work is Mr. Jaffe's representation that she assisted in trial preparation and attended the trial, which amounted to "465 hours of service." Jaffe Decl. ¶ 34. Trial in this action consisted of seven days of presentation and one day of jury deliberations. By comparison, in Campbell, an employment discrimination case that entailed a twelve-day trial, the plaintiff sought fees for 105.40 hours worked by paralegals. Case No. C 05-5434 CW, Docket No. 268-11, at 1.

  Without any time records or reconstruction of hours worked, it is impossible for the Court to determine whether Ms. Jaffe's hours were reasonable. Accordingly, to recover Ms. Jaffe's fees,

Plaintiff shall proffer Ms. Jaffe's time records.  If Ms. Jaffe does not have time records, she may reconstruct the time she worked using a reliable methodology based on verifiable evidence.  For example, if she attended every hour of trial, she could say so, and substantiate the hours from the Clerk's Trial Sheet (Docket No. 134) or trial transcript.  Although any reconstruction will undoubtedly take time, Plaintiff shall not recover from UPS fees related to this task.

## CONCLUSION

For the foregoing reasons, the Court allows further submissions on Plaintiff's motion for attorneys' fees and costs. (Docket No. 184.)

Within fourteen days of the date of this Order, Plaintiff may tender additional evidence to support the reasonableness of Mr. Jaffe's hourly rate.  In addition, she may proffer evidence supporting the reasonableness of the hours billed by Mr. and Ms. Jaffe.  Along with this evidence, Plaintiff may include documentation regarding fees incurred to litigate her fee request. She may not, however, recover fees related to curing deficiencies related to her fee request.  Fourteen days after Plaintiff files her supplemental material, UPS may file a brief, not to exceed ten pages, containing its objections, if any.  Seven days thereafter, if necessary, Plaintiff may reply in a brief not to exceed ten pages.

The parties shall not brief any issue not related to the reasonableness of Mr. Jaffe's hourly rate or the reasonableness of the number of hours worked by Mr. and Ms. Jaffe.  The failure to abide by this direction will result in the striking of the

9

offending party's submission in its entirety.

IT IS SO ORDERED.

Dated: March 25, 2011

_____
CLAUDIA WILKEN
United States District Judge